UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:21-CR-00175-LEW |
| | ) | |
| KENNETH ALLEN, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON MOTION TO SEVER

Defendant Kenneth Allen, a Farmington-based tax counselor, requests "relief from prejudicial joinder," citing Rule 14 of the Federal Rules of Criminal Procedure. Def. Allen's Motion to Sever (ECF No. 300). The indictment in this matter charges Allen with Conspiracy to Defraud the United States and Impede and Impair the Internal Revenue Service, in violation of 18 U.S.C. § 371 (Count Ten), and Tax Fraud in violation of 26 U.S.C. § 7206(2) (Count Twelve). The alleged co-conspirators for Count Ten are Lucas Sirois, alleged to be the ringleader of an illicit marijuana distribution and money-laundering conspiracy, and David Burgess, Sirois's financial lieutenant who pleaded guilty to the trafficking conspiracy, honest services fraud, and the tax-related fraud charged in Count Ten. Allen maintains that subjecting him to joint prosecution at trial alongside Sirois and those other defendants who have not entered guilty pleas will deprive him of a fair trial due to spillover prejudice.

Rule 8(b) permits the joinder of defendants "if they are alleged to have participated in the same act or transaction . . . constituting an offense." Fed. R. Crim. P. 8(b). The indictment complies with Rule 8 because the charges associated with Lucas Sirois's alleged

1

tax fraud arise out of an act or transaction in which Sirois, Burgess, and Allen participated. "As a general matter, if joinder is proper under Rule 8(b), then those indicted together are tried together to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." *United States v. Martínez*, 994 F.3d 1, 12 (1st Cir. 2021) (internal quotation marks omitted). However, Rule 14 allows a court to provide relief from prejudicial joinder, including by means of an order "sever[ing] the defendants' trials." Fed. R. Crim. P. 14(a). As the Rule suggests, severance is not the only solution to prejudicial joinder. *See Zafiro v. United States*, 506 U.S. 534, 538–39 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."). Severance is the appropriate remedy only upon a showing of "a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Martínez*, 994 F.3d at 12 (quoting *Zafiro*, 506 U.S. at 539).

Based on the indictment, Allen's alleged complicity is limited to providing tax arbitrage services to Lucas Sirois, which arbitrage the Government alleges crossed the line between tax avoidance and tax evasion. Beyond that, the indictment does not suggest that Allen played any part in the wider alleged conspiracy involving black market marijuana transactions or money laundering.

Allen has demonstrated the existence of some prejudice. Specifically, Allen is to be tried alongside others who, unlike him, are embroiled in the wider drug-trafficking conspiracy charge. One of them, Lucas Sirois, is alleged to have joined Allen in the Count Ten conspiracy. Most of the anticipated witnesses and evidence will have nothing to do

with the charges against Allen, as Allen has no demonstrated connection to any drug-trafficking activity. Co-defendants will also be tried on charges of money laundering and bank fraud. Allen has no demonstrated connection to money laundering or bank fraud. While this depicts a typical prejudicial joinder scenario, Allen also faces charges that are readily susceptible to compartmentalization. Both the trial presentation and my instructions will make it apparent to the jury that the charges associated with the alleged tax arbitrage services stand apart from the concerns related to trafficking, money laundering, and bank fraud. These distinctions should be easily understandable to the jury. To the extent the revenue charges share common witnesses with the money laundering and bank fraud charges, I anticipate that the government's presentation will differentiate between the respective charges and defendants, and I will afford ample leeway for cross-examination that makes the distinctions clear and welcome requests for curative instructions should the need arise. Finally, the jury instructions and verdict form will be drawn to reinforce the lines of demarcation that apply to the charges and those defendants who stand for trial. With these measures, the jury will be prepared to return a verdict as to Allen that is not the product of spillover prejudice.

        Allen's Motion to Sever (ECF No. 300) is DENIED.

        **SO ORDERED.**

        Dated this 17th day of October, 2023

        /s/ Lance E. Walker
        UNITED STATES DISTRICT JUDGE